FILED

2012 Aug-31  PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **RANDI A. ABBOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NUMBER:** |
| ) | **1:12-CV-02244-VEH** |
| **ELWOOD STAFFING SERVICES, INC.** ) | |
| **AND HONDA MANUFACTURING OF** ) | |
| **ALABAMA, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER AND DEFENSES OF DEFENDANT HONDA MANUFACTURING OF ALABAMA, LLC

Defendant Honda Manufacturing of Alabama, LLC ("Defendant" or "HMA") answers the Amended Complaint of Plaintiff Randi A. Abbott (Doc. 13) as follows:

## ANSWER

Defendant responds to the corresponding numbered paragraphs of the Amended Complaint as follows:

I.      JURISDICTION AND VENUE

1.      In response to paragraph 1 of the Amended Complaint, Defendant admits that Plaintiff purports to bring this action under the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

1981, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, and the laws of Alabama, admits that this Court has jurisdiction over claims properly brought under the cited statutes, denies that any violation of the cited statutes occurred, and denies the remaining allegations of the paragraph.

2.      In response to paragraph 2 of the Amended Complaint, Defendant admits that Plaintiff contends that the acts giving rise to the claims alleged occurred within this district and expressly denies that any such acts occurred. Except as expressly admitted herein, Defendant denies the allegations of paragraph 2 of the Amended Complaint.

3.      In response to paragraph 3 of the Amended Complaint, Defendant admits that Plaintiff filed EEOC Charges on or about September 8, 2011 and November 21, 2011 and received Notices of Suit Rights on or about May 24, 2012 and June 5, 2012.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 3 of the Amended Complaint.

## PARTIES

4.      In response to paragraph 4 of the Amended Complaint, Defendant admits that Plaintiff was an employee of Elwood Staffing Services, Inc. ("Elwood") and temporarily assigned at Defendant's Lincoln, Alabama plant, and admits, upon information and belief, that in the year preceding Plaintiff's last day worked on this temporary assignment, she had worked for Elwood in excess of

1,250 hours.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 4 of the Amended Complaint.

5.     In response to paragraph 5 of the Amended Complaint, Defendant denies that Plaintiff was an "employee" of Defendant, and is without knowledge sufficient to admit or deny the remaining allegations of the paragraph and therefore denies the remaining allegations of the paragraph.

6.     In response to paragraph 6 of the Amended Complaint, Defendant admits that it is a corporation doing business in Alabama that employs in excess of 50 employees within a 75-mile radius, but makes no response on behalf of Elwood. Except as expressly admitted herein, Defendant denies the allegations of paragraph 6 of the Amended Complaint.

7.     In response to paragraph 7 of the Amended Complaint, Defendant admits that the two entities named in this paragraph are shown as Defendants in the style of this case.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 7 of the Amended Complaint.

II.    FACTS

8.     In response to paragraph 8 of the Amended Complaint, Defendant admits that Plaintiff worked as an MST associate with Elwood and was temporarily assigned to Defendant's Lincoln, Alabama plant.  Except as expressly

admitted herein, Defendant denies the allegations of paragraph 8 of the Amended Complaint.

9.     Defendant denies the allegations of paragraph 9 of the Amended Complaint.

10.     In response to paragraph 10 of the Amended Complaint, Defendant admits that Plaintiff worked in the Assembly Frame Department, installing truck doors during her temporary assignment. Except as expressly admitted herein, Defendant denies the allegations of paragraph 10 of the Amended Complaint.

11.     In response to paragraph 11 of the Amended Complaint, Defendant admits that associates typically rotate processes, denies that Plaintiff was assigned to "one of the most physically demanding jobs at the plant," and denies the remaining allegations of the paragraph.

12.     In response to paragraph 12 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

13.     Defendant denies the allegations of paragraph 13 of the Amended Complaint.

14.     In response to paragraph 14 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

15.     In response to paragraph 15 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

16.     In response to paragraph 16 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

17.     In response to paragraph 17 of the Amended Complaint, Defendant affirmatively avers that it had no knowledge of any on-the-job injury and denies the remaining allegations of the paragraph.

18.     In response to paragraph 18 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

19.     In response to paragraph 19 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

20.     In response to paragraph 20 of the Amended Complaint, Defendant affirmatively avers that it had no knowledge of any on-the-job injury and denies the remaining allegations of the paragraph.

21.     In response to paragraph 21 of the Amended Complaint, Defendant affirmatively avers that it had no knowledge of any on-the-job injury and denies the remaining allegations of the paragraph.

22.     In response to paragraph 22 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

23.     In response to paragraph 23 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations regarding any pay Plaintiff received from Elwood and therefore denies the allegations, affirmatively avers that it had no knowledge of any "injuries," and denies the remaining allegations of the paragraph.

24.     In response to paragraph 24 of the Amended Complaint, Defendant admits that Plaintiff contends that she had to empty her bladder more frequently. Except as expressly admitted herein, Defendant denies the allegations of paragraph 24 of the Amended Complaint.

25.     In response to paragraph 25 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

26.     In response to paragraph 26 of the Amended Complaint, Defendant admits that Plaintiff alleges that she informed her supervisors that she needed to

take more frequent bathroom breaks.   Except as expressly admitted herein, Defendant denies the allegations of paragraph 26 of the Amended Complaint.

27.   Defendant denies the allegations of paragraph 27 of the Amended Complaint.

28.   Defendant denies the allegations of paragraph 28 of the Amended Complaint.

29.   Defendant denies the allegations of paragraph 29 of the Amended Complaint.

30.   Defendant denies the allegations of paragraph 30 of the Amended Complaint.

31.   In response to paragraph 31 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

32.   In response to paragraph 32 of the Amended Complaint, Defendant admits that male associates with on-the-job injuries may have been placed on light duty. Except as expressly admitted herein, Defendant denies the allegations of paragraph 32 of the Amended Complaint.

33.   In response to paragraph 33 of the Amended Complaint, Defendant admits that, upon information and belief, MST Associate Josh Wade suffered an on-the-job injury and was placed on light duty.   Except as expressly admitted

herein, Defendant denies the allegations of paragraph 33 of the Amended Complaint.

34.     In response to paragraph 34 of the Amended Complaint, Defendant admits that Carlos Fields returned to work after an on-the-job injury. Except as expressly admitted herein, Defendant denies the allegations of paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations of paragraph 35 of the Amended Complaint.

36.     In response to paragraph 36 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

37.     In response to paragraph 37 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

38.     In response to paragraph 38 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

39.     In response to paragraph 39 of the Amended Complaint, Defendant admits that Plaintiff is Caucasian.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 39 of the Amended Complaint.

40.    Defendant denies the allegations of paragraph 40 of the Amended Complaint.

41.    Defendant denies the allegations of paragraph 41 of the Amended Complaint.

42.    Defendant denies the allegations of paragraph 42 of the Amended Complaint.

43.    In response to paragraph 43 of the Amended Complaint, Defendant admits that at a certain point in time, Elwood associates may be considered for employment with Defendant, affirmatively avers that no Elwood associate is guaranteed employment with Defendant, and denies the remaining allegations of the paragraph.

44.    Defendant denies the allegations of paragraph 44 of the Amended Complaint.

45.    Defendant denies the allegations of paragraph 45 of the Amended Complaint.

46.    In response to paragraph 46 of the Amended Complaint, Defendant admits that Katie Nabors worked for Elwood until she was hired by Defendant. Except as expressly admitted herein, Defendant denies the allegations of paragraph 46 of the Amended Complaint.

47.     Defendant denies the allegations of paragraph 47 of the Amended Complaint.

48.     In response to paragraph 48 of the Amended Complaint, Defendant admits, upon information and belief, that Plaintiff's brother worked for Elwood and was assigned to Defendant's plant.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 48 of the Amended Complaint.

49.     In response to paragraph 49 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

50.     In response to paragraph 50 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

51.     In response to paragraph 51 of the Amended Complaint, Defendant admits that some relatives are employed by HMA, denies that its policies are inconsistently enforced, and denies the remaining allegations of the paragraph.

52.     In response to paragraph 52 of the Amended Complaint, Defendant admits that some relatives are employed by HMA, denies that its policies are inconsistently enforced, and denies the remaining allegations of the paragraph.

53.     Defendant denies the allegations of paragraph 53 of the Amended Complaint.

54.     In response to paragraph 54 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

55.     In response to paragraph 55 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

56.     In response to paragraph 56 of the Amended Complaint, Defendant denies the allegations of the paragraph, but does not respond on behalf of Elwood.

57.     In response to paragraph 57 of the Amended Complaint, Defendant admits that Elwood placed Plaintiff on FMLA leave. Except as expressly admitted herein, Defendant denies the allegations of paragraph 57 of the Amended Complaint.

58.     In response to paragraph 58 of the Amended Complaint, Defendant admits that Plaintiff alleges that she needed FMLA leave for when her child was delivered.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 58 of the Amended Complaint.

59.     In response to paragraph 59 of the Amended Complaint, Defendant admits that the quote contained in the paragraph was noted in Plaintiff's EEOC Charge against Elwood.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations of paragraph 60 of the Amended Complaint.

61.     In response to paragraph 61 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

62.     In response to paragraph 62 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

63.     In response to paragraph 63 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

64.     In response to paragraph 64 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

65.     In response to paragraph 65 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

66.     In response to paragraph 66 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

67.     In response to paragraph 67 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

68.     In response to paragraph 68 of the Amended Complaint, Defendant admits that it had no contact with Plaintiff after Elwood placed her on FMLA leave.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 68 of the Amended Complaint.

69.     In response to paragraph 69 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

70.     In response to paragraph 70 of the Amended Complaint, Defendant is without knowledge sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

71.     In response to paragraph 71 of the Amended Complaint, Defendant admits that Katie Nabors and Emily Gober became full-time employees of Defendant. Except as expressly admitted herein, Defendant denies the allegations of paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations of paragraph 72 of the Amended Complaint.

IV.    FIRST, SECOND, AND THIRD CAUSES OF ACTION (AS TO BOTH DEFENDANTS)

DISCRIMINATION, HOSTILE WORK ENVIRONMENT, RETALIATION-PREGNANCY DISCRIMINATION ACT

73.    In response to paragraph 73 of the Amended Complaint, Defendant incorporates its responses to paragraphs 8 through 35 and 47 through 70 as though fully set forth herein and denies that it violated the Pregnancy Discrimination Act in any manner.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below paragraph 73 of the Amended Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

V.    FOURTH AND FIFTH CAUSES OF ACTION (AS TO BOTH DEFENDANTS)

DISCRIMINATION AND RETALIATION ON THE BASIS OF SEX-TITLE VII

74.    In response to paragraph 74 of the Amended Complaint, Defendant incorporates its responses to paragraphs 32 through 35, 40 through 46, 56 through 63, 66 through 69, and 71 through 72 as though fully set forth herein and denies that it discriminated or retaliated against Plaintiff on the basis of sex in violation of Title VII.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below paragraph 74 of the Amended Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

VI.    SIXTH AND SEVENTH CAUSES OF ACTION (AS TO BOTH DEFENDANTS)

DISCRIMINATION AND RETALIATION ON THE BASIS OF RACE-TITLE VII/42 U.S.C. § 1981

75.    In response to paragraph 75 of the Amended Complaint, Defendant incorporates its responses to paragraphs 36 through 39, 41 through 46, 56 through 63, and 66 through 72 as though fully set forth herein and denies that it discriminated or retaliated against Plaintiff on the basis of race in violation of Title VII.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below paragraph 75 of the Amended Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

VII.   EIGHTH, NINTH, AND TENTH CAUSES OF ACTION (AS TO BOTH DEFENDANTS)

DISCRIMINATION, HOSTILE WORK ENVIRONMENT, RETALIATION-AMERICANS WITH DISABILITIES ACT

76.    In response to paragraph 76 of the Amended Complaint, Defendant incorporates its responses to paragraphs 17 through 31 and 47 through 70 as though fully set forth herein and denies that it violated the Americans with Disabilities Act in any manner.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below paragraph 76 of the Amended Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

VIII.  ELEVENTH AND TWELFTH CAUSES OF ACTION (AS TO BOTH DEFENDANTS)

<u>FAMILY AND MEDICAL LEAVE ACT-INTERFERENCE AND</u>
<u>RETALIATION</u>

77.    In response to paragraph 77 of the Amended Complaint, Defendant
incorporates its responses to paragraphs 12 through 30 and 56 through 70 as
though fully set forth herein and denies that it violated the Family and Medical
Leave Act in any manner.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below
paragraph 77 of the Amended Complaint, Defendant denies that Plaintiff is entitled
to the relief requested or any relief whatsoever.

IX.    THIRTEENTH CAUSE OF ACTION (AS TO BOTH DEFENDANTS)

<u>RETALIATORY DISCHARGE: §25-5-11.1, ALABAMA CODE 1975</u>

78.    In response to paragraph 78 of the Amended Complaint, Defendant
incorporates its responses to paragraphs 17 through 23 and 47 through 55, 57
through 58, and 60 through 70 as though fully set forth herein and denies that it
violated the cited statute in any manner.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below
paragraph 78 of the Amended Complaint, Defendant denies that Plaintiff is entitled
to the relief requested or any relief whatsoever.

X.    FOURTEENTH AND FIFTEENTH CAUSES OF ACTION (AS TO
ELWOOD STAFFING SERVICES, INC.)

<u>BREACH OF CONTRACT AND BREACH OF IMPLIED-IN-FACT</u>
<u>CONTRACT</u>

79.     No response is required from this Defendant.

XI.    SIXTEENTH CAUSE OF ACTION (AS TO BOTH DEFENDANTS)
OUTRAGE

80.     Defendant denies the allegations of paragraph 80 of the Amended

Complaint.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below

paragraph 80 of the Amended Complaint, Defendant denies that Plaintiff is entitled

to the relief requested or any relief whatsoever.

XII.   SEVENTEENTH CAUSE OF ACTION (AS TO BOTH DEFENDANTS)
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81.     In response to paragraph 81 of the Amended Complaint, Defendant

incorporates by reference its Motion to Dismiss, filed simultaneously herewith, and

preserves all defenses available under Rule 12 of the Federal Rules of Civil

Procedure.

In response to Plaintiff's PRAYER FOR RELIEF paragraph located below

paragraph 81 of the Amended Complaint, Defendant denies that Plaintiff is entitled

to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

Some or all of the claims of the Amended Complaint fail to state a claim

upon which relief may be granted.

## SECOND DEFENSE

Plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, to bringing some or all of the claims alleged in the Amended Complaint.

## THIRD DEFENSE

Some or all of the claims in the Amended Complaint are barred by the applicable statute of limitations period and/or laches.

## FOURTH DEFENSE

Some or all of the claims alleged in the Amended Complaint and the relief sought are barred by the doctrines of waiver, estoppel, release, accord and satisfaction and/or unclean hands.

## FIFTH DEFENSE

Some or all of the claims alleged in the Amended Complaint and the relief sought are foreclosed because Plaintiff has not done equity.

## SIXTH DEFENSE

Plaintiff was an at-will employee of Elwood and was never guaranteed permanent employment with Defendant.

## SEVENTH DEFENSE

All decisions and/or actions challenged as discriminatory and/or or retaliatory in the Amended Complaint were undertaken for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

## EIGHTH DEFENSE

In the alternative to the Seventh Affirmative Defense, some or all of the decisions challenged as discriminatory and/or retaliatory in the Amended Complaint would have been undertaken even had Plaintiff not had the protected status alleged and/or had not undertaken the protected conduct alleged.

## NINTH DEFENSE

Some or all of the Plaintiff's claims are barred because they are outside the scope of Plaintiff's Charge of Discrimination filed with the EEOC.

## TENTH DEFENSE

Some or all of the Plaintiff's claims are barred because of her failure to make them a subject of a timely Charge of Discrimination filed with the EEOC.

## ELEVENTH DEFENSE

Some or all of the Plaintiff's claims are barred by her failure to institute this action within 90 days of receiving a Notice of Right to Sue from the EEOC.

## TWELFTH DEFENSE

Defendant denies that Plaintiff is entitled to recovery of damages or relief in this action because she has failed to mitigate some or all of her alleged damages.

## THIRTEENTH DEFENSE

The plaintiff is not entitled to a trial by jury on some or all of the relief sought based upon some or all of the claims alleged in the Amended Complaint.

## FOURTEENTH DEFENSE

In the alternative to the Thirteenth Affirmative Defense, the punitive relief claimed by Plaintiff violates the United States and State of Alabama Constitutions.

## FIFTEENTH DEFENSE

Defendant did not act willfully or in reckless disregard of Plaintiff's federally protected rights.

## SIXTEENTH DEFENSE

Defendant is not guilty of unlawful discrimination and/or retaliation against the plaintiff.

## SEVENTEENTH DEFENSE

In the alternative to the Sixteenth Affirmative Defense, the plaintiff would have been treated no differently even had unlawful discrimination or retaliation not played a role in some or all of the challenged employment decisions.

## EIGHTEENTH DEFENSE

Plaintiff cannot establish a *prima facie* case of discriminatory or retaliatory discharge.

## NINETEENTH DEFENSE

Even should the finder of fact determine that any discriminatory or retaliatory animus played any part in the Defendant's personnel actions regarding the plaintiff, Defendant avers that such actions would have been taken in any event and for legitimate, non-discriminatory, and non-retaliatory reasons.

## TWENTIETH DEFENSE

Plaintiff unreasonably failed to utilize Defendant's appropriate policy and procedure in reporting of complaints of discrimination or harassment.

## TWENTY-FIRST DEFENSE

Plaintiff engaged in no protected activity, or, alternatively, would have been treated no differently even had she not engaged in the protected activity alleged.

## TWENTY-SECOND DEFENSE

Defendant denies that plaintiff has suffered any damages as a result of any alleged acts and/or omissions of defendant.

## TWENTY-THIRD DEFENSE

Plaintiff is not, and has not been a qualified individual with a disability.

## TWENTY-FOURTH DEFENSE

Plaintiff is not regarded as, and has not been regarded as, as an individual with a physical or mental impairment substantially limiting a major life activity.

## TWENTY-FIFTH DEFENSE

Defendant did not discriminate against Plaintiff because of any actual or perceived disability.

## TWENTY-SIXTH DEFENSE

Plaintiff does not, and did not, have a record of a mental or physical impairment that substantially limits one or more major life activities.

### TWENTY-SEVENTH DEFENSE

Defendant did not discriminate against Plaintiff because of any record of impairment.

### TWENTY-EIGHTH DEFENSE

Plaintiff failed to seek reasonable accommodation.

### TWENTY-NINTH DEFENSE

In the alternative to the Twenty-Eighth Affirmative Defense, the plaintiff was not entitled to any accommodation sought.

### THIRTIETH DEFENSE

Any accommodation sought would have imposed undue hardship.

### THIRTY-FIRST DEFENSE

Plaintiff posed a direct threat to herself and others in the workplace.

### THIRTY-FIRST DEFENSE

The direct threat that Plaintiff posed could not be removed by reasonable accommodation.

### THIRTY-SECOND DEFENSE

Defendant denies that Plaintiff was eligible for leave under the Family Medical Leave Act, that a request for leave was denied, and/or that Plaintiff was entitled to any protection under said Act.

### THIRTY-THIRD DEFENSE

Plaintiff would have been treated no differently even if she had not exercised Family and Medical Leave Act rights.

### THIRTY-FOURTH DEFENSE

Defendant denies that Plaintiff has suffered any damages as a result of any alleged acts and/or omissions of Defendant.

### THIRTY-FIFTH DEFENSE

To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Defendant, including Plaintiff's own contributory negligence.

### THIRTY-SIXTH DEFENSE

Defendant is not liable for any alleged state law claims.

### THIRTY-SEVENTH DEFENSE

Plaintiff was not subjected to any form of actionable harassment.

### THIRTY-EIGHTH DEFENSE

Reasonable persons would not find Defendant's actions offensive.

### THIRTY-NINTH DEFENSE

Plaintiff unreasonably failed to take advantage of the appropriate policy against harassment and discrimination and the adequate procedure to report and remedy complaints.

### FORTIETH DEFENSE

To the extent Plaintiff alleges any claims of negligence against this Defendant, Defendant owed Plaintiff no duty.

## FORTY-FIRST DEFENSE

To the extent Plaintiff alleges any claims of negligence against this Defendant, there was no breach of any alleged duty owed and no proximate causation.

## FORTY-SECOND DEFENSE

To the extent Plaintiff alleges any claims of negligence against this Defendant, her claim is barred by her own contributory negligence.

## FORTY-THIRD DEFENSE

Defendant did not authorize, condone, or ratify any improper or unlawful conduct.

## FORTY-FOURTH DEFENSE

Some of Plaintiff's claims are barred by assumption of risk.

## FORTY-FIFTH DEFENSE

Some of Plaintiff's claims are barred by last clear chance.

## FORTY-SIXTH DEFENSE

None of the unlawful acts alleged by Plaintiff occurred within the line and scope of any of Defendant's employees' employment.

## FORTY-SEVENTH DEFENSE

All actions undertaken were covered by justifications and/or privilege under state law.

### FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred by workers' compensation immunity.

### FORTY-NINTH DEFENSE

Plaintiff cannot establish a *prima facie* case of retaliatory discharge under §25-5-11.1 of the Alabama Code.

### FIFTIETH DEFENSE

Defendant denies that Plaintiff was discharged because she maintained a claim for workers' compensation benefits. Further, Plaintiff did not institute or maintain an action for workers' compensation benefits prior to Plaintiff's termination, and therefore, Plaintiff cannot establish a claim for retaliatory discharge.

### FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages alleged are too speculative to allow recovery.

### FIFTY-SECOND DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

### FIFTY-THIRD DEFENSE

Temporal and/or amount limitations confine the monetary relief sought by plaintiff.

## FIFTY-FOURTH DEFENSE

To the extent that Plaintiff's Amended Complaint could be interpreted to raise a demand for punitive damages, this demand violates the Constitution and/or common law or public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the 14th Amendment to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof that is less than beyond a reasonable doubt standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive damages against a defendant, which violates this defendant's rights to Due Process guaranteed by the United States Constitution.

c.      The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the 14th Amendment of the United States Constitution.

d.      The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar

acts, and thus, violate the Equal Protection Clause of the 14th Amendment of the United States Constitution and defendant's Due Process rights.

e.    Any claim for punitive damages cannot be sustained because an award of punitive damages under existing standards violates rights guaranteed by the 5th, 8th, and 14th Amendments to the United States Constitution.

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the 8th Amendment of the United States Constitution and in violation of defendant's Due Process rights.

g.    Plaintiff's claim for punitive damages against Defendant cannot be sustained because any award of punitive damages would violate Defendant's Due Process rights inasmuch as juries are not guided by adequate or specific standards concerning the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.    The claim of punitive damages, and the provisions of law governing the right to recover punitive damages, are unconstitutionally vague, and definite and uncertain, and deprive this defendant of due process of law.

i.    Plaintiff's claim of punitive damages, and the provisions of law governing any right to recover punitive damages under the allegations made in the Amended Complaint, caused Defendant to be treated differently from other similarly-situated persons and/or entities by subjecting Defendant to liability

beyond actual loss, if any, caused by any act or omission, if any, and to liability determined without clearly defined principles, standards, and limits on the amounts of such awards.

j.      Plaintiff is not entitled to recover punitive damages under the circumstances alleged, if based on current standards of civil litigation would violate the self incrimination clause of the 5th Amendment to the United States Constitution to impose against Defendant punitive damages, which are penal in nature, yet compelled defendant to disclose potentially incriminating evidence.

k.      An award of punitive damages in this case would cause a deprivation of property without due process of law.

l.      The procedures pursuant to which punitive damages are awarded under the statutes alleged are not rationally related to legitimate government interests.

m.      The procedures pursuant to which punitive damages are awarded subject the defendant to punishment under a law not fully established before the alleged offense.

n.      The 11th Amendment of the United States Constitution prohibits Plaintiff's recovery of damages or of any other monetary relief in this action.

## <u>FIFTY-FIFTH DEFENSE</u>

Defendant expressly denies all allegations not specifically admitted herein.

## FIFTY-SIXTH DEFENSE

Defendant reserves all other defenses relating to Plaintiff's claims in her Amended Complaint and reserves the right to assert additional defenses as they become known or available.

*/s/ Marcel L. Debruge*
Marcel L. Debruge (DEB006)
Kathryn Morris Willis (MOR130)
Ronald S. Williams (WIL379)

Attorneys for Defendant
HONDA MANUFACTURING OF ALABAMA, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by filing the same with the Clerk of Court on August 31, 2012 using the CM/ECF system which will send notification of such filing to following:

Russell P. Parker, Esq.
2170 Highland Avenue South, Suite 111
Birmingham, AL 35205

David J. Middlebrooks, Esq.
Donna E. Brooks, Esq.
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945


/s/  *Marcel L. Debruge*
OF COUNSEL