FILED
 2012 Sep-28  PM 01:21
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| **RANDI A. ABBOTT,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 1:12-CV-02244-VEH |
| **ELWOOD STAFFING SERVICES, INC., AND HONDA MANUFACTURING OF ALABAMA, LLC,** | ) |
| Defendants. | ) |

## DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

COME NOW Defendants Honda Manufacturing of Alabama, LLC ("HMA") and Elwood Staffing Services, Inc. ("Elwood") (collectively "Defendants"), who respectfully move this Court to partially dismiss Plaintiff's Second Amended Complaint, filed September 14, 2012, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Defendants state as follows:

## UNDISPUTED FACTS[1]

1. Plaintiff Randi Abbott ("Plaintiff") filed her Second Amended Complaint, asserting claims under the Pregnancy Discrimination Act of 1978, Title

---

[1] For purposes of this Motion only, the facts alleged in Plaintiff's Second Amended Complaint, to the extent they are relied upon herein, are taken as true.

2034566 v1

VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, and Alabama state laws, on September 14, 2012.

2. In her Second Amended Complaint, Count Eighteen (Doc. 21), Plaintiff alleges that that Defendants maintain and place her on a "blacklist" in violation of Ala. Code § 13A-11-123.

## ARGUMENT

3. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint when a plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) Motion questions the legal sufficiency of the Complaint; therefore, in assessing the merits of a Rule 12(b)(6) Motion, the Court must assume that all of the factual allegations set forth in the Complaint are true. See, e.g., Tellabs, Inc v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007); Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Rather, "stating such a claim requires

a complaint with enough factual matter (taken as true) to suggest" the required element. Id. at 556.

## Blacklisting

4. Plaintiff alleges that Defendants "blacklisted" her in violation of Ala. Code. § 13A-11-123. This claim is due to be dismissed.

5. Section 13A-11-123 is a criminal statute, and the language of the statute does not impose civil liability for its violation. The statutory language provides:

> Any person, firm, corporation or association of persons who maintains what is commonly called a blacklist or notifies any other person, firm, corporation or association that any person has been blacklisted by such person, firm, corporation or association or who uses any other similar means to prevent any person from receiving employment from whomsoever he desires to be employed by shall be guilty of a misdemeanor.

Ala. Code § 13A-11-123. There appear to be no reported cases in which any court has imposed civil liability for violation of § 13A-11-123.

6. To the extent Plaintiff is arguing some species of negligence per se, she must prove: (1) that she belongs to the class of persons § 13A-11-123 was enacted to protect; (2) that her injury was the kind of injury contemplated by the statute; (3) that Defendants violated § 13A-11-123; and (4) Defendants' violation proximately caused her injury. See Cook's Pest Control, Inc. v. Rebar, 28 So. 3d 716 (Ala. 2009).

7.      The Alabama blacklisting statute was enacted in 1921, an era when many states enacted similar statutes to combat the blacklisting of workers who sought to organize labor unions. See Nat'l Labor Relations Bd. v. Waumbec Mills, 114 F.2d 226, 232 (1st Cir. 1940) ("[O]ne of the most provocative and effective means by which employers sought to impede the organization of workers was the blacklisting of union men, thereby denying them opportunities for employment. The states passed laws against blacklisting, but these enactments failed of their purpose largely because individual employers . . . were free to discharge or refuse to employ members of the union."); see also Glenn v. Diabetes Treatment Ctrs. of Am., 116 F. Supp. 2d 1098, 1103 (S.D. Iowa 2000) (noting that Iowa's blacklisting statute was enacted to prevent blacklisting of "union organizers and union members"); Carr v. Michaelson, 112 Wash. App. 1042, 2002 WL 1609043, at *10 (Wash. Ct. App. 2002) (noting that Washington's "blacklisting statute was enacted in 1899 to prevent railroad unionbusting"); Carter Coal Co. v. Human Rights Comm'n, 633 N.E. 2d 202, 203 (Ill. App. Ct. 1994) ("State blacklisting laws, enacted largely between 1887 and 1930, were among the first efforts to outlaw retaliatory refusals to hire. These statutes were enacted in about half of the states because employers, in an effort to quash labor organization, created and circulated lists of pro-union workers to prevent them from gaining employment. In reaction, states limited the employer's right to hire and fire at will by prohibiting

blacklisting.") quoting Mark A. Rothstein, <u>Wrongful Refusal to Hire: Attaching the Other Half of the Employment-at-will Rule</u>, 24 Conn. L. Rev. 97, 110 (1991).

8.   The injury these statutes seek to prevent is the "creat[ion] and circulat[ion of] lists of pro-union workers to prevent them from gaining employment." <u>Carter Coal</u>, 633 N.E. 2d at 203.  Additionally, these statutes seek to prevent former employers from obstructing former employees' efforts to obtain employment with other employers. <u>See</u> <u>State v. Dabney</u>, 141 P.2d 303, 308 (Okla. Crim. App. 1943) ("An intent to injure by preventing future employment is the essence of the offense of blacklisting.").

9.   Even if Alabama courts recognize civil liability for violation of § 13A-11-123 under a negligence per se theory, Plaintiff fails to state a claim for at least two reasons. First, she does not allege that Defendants terminated her based on anti-union animus.  (Doc. 21, ¶¶69-70).  Second, she does not allege that Defendants have in any way obstructed her attempts to gain employment with other employers.  (Doc. 21, ¶¶69-70).  As a result, Plaintiff neither belongs to the class of persons that § 13A-11-123 was designed to protect nor claims any alleged injuries of the type contemplated by the statute.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Honorable Court to dismiss Plaintiff's claim for blacklisting under § 13A-11-123, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

          Respectfully submitted,

          *s/ Kathryn Morris Willis*
          Marcel L. Debruge (DEB006)
          Kathryn M. Willis (MOR130)
          Ronald S. Williams (WIL379)

          ATTORNEYS FOR DEFENDANT
          HONDA MANUFACTURING OF ALABAMA, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

          *s/David Middlebrooks*
          David Middlebrooks
          Donna Brooks

          ATTORNEYS FOR DEFENDANT
          ELWOOD STAFFING SERVICES, INC.

**OF COUNSEL:**

Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202
Telephone: (205) 326-3002
Facsimile: (205) 326-3008

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 28th day of September 2012:

Russell P. Parker, Esq.
2170 Highland Avenue South, Suite 111
Birmingham, Alabama 35205


                        *s/ Kathryn Morris Willis*
                        OF COUNSEL