# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **RANDI A. ABBOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **1:12-CV-02244-VEH** |
| ) | |
| **ELWOOD STAFFING SERVICES,** ) | |
| **INC., AND HONDA** ) | |
| **MANUFACTURING OF** ) | |
| **ALABAMA, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT ELWOOD STAFFING SERVICES, INC.'S
## OBJECTIONS TO PLAINTIFF'S EVIDENCE UNDER RULE 56(c)(2)

Elwood Staffing Services, Inc. ("Elwood" or "Defendant"), Defendant in the above-styled action, respectfully objects to the Court's consideration of the following offered as evidence by Plaintiff: (1) Plaintiff's Exhibit 2 ("Plaintiff's Notes") (Doc. 64-2); (2) statements allegedly made by other co-workers and "Jessica [LNU]" to Plaintiff regarding Jessica's job assignments; (3) Plaintiff's Exhibit 3 ("Balmer's Notes") (Doc. 64-3); (4) Plaintiff's "Injury Report" (Doc. 64-1); and (5) Plaintiff's EEOC Charge (Doc. 64-4), Elwood additionally requests that this Court strike all paragraphs in Plaintiff's Response to Defendants' Motions for Summary Judgment which include citations to this evidence for support. In support of this motion, Elwood states as follows:

1.	Federal Rule of Civil Procedure 56 states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

> **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

Fed. R. Civ. P. 56(c)(2).

2.	As a result, Plaintiff must rely on admissible facts and evidence in opposing Defendants' Motions for Summary Judgment. Importantly, "[t]he general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. DeBoer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (citations omitted); *see, e.g., Rojas v. Florida*, 285 F.3d 1339, 1343 n.3 (11th Cir. 2002) (refusing to consider hearsay statement that supervisor said that "he did not have to listen to plaintiff because she was a woman"); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359 n.1 (11th Cir. 1999) (refusing to consider hearsay statement that manager said he wanted "a younger influx of blood").

3. Among the reasons why certain assertions of Plaintiff are inadmissible as follows:

a. Hearsay. Under Federal Rule of Evidence 801(c), hearsay is "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."

b. Lack of relevancy and materiality. *See* Fed. R. Evid. 401, 402 and 403.

c. They are contradicted by prior sworn testimony. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.,* 736 F. 2d 656 (11th Cir. 1983).

d. The evidence is mere speculation and without adequate foundation.

e. Lack of proper authentication.

## I. **Plaintiff Notes (Doc. 64-2)**

4. Plaintiff's Exhibit 2, entitled "Plaintiff's Notes," is comprised solely of Plaintiff's out-of-court statements that Plaintiff is offering to prove the truth of the matters contained therein. These notes would not be admissible at trial and therefore should not be considered on summary judgment.[1]

---

[1] These notes are further due to be struck because they are unsworn. The Eleventh Circuit has established that "[u]nsworn statements, even from pro se parties, should not be considered 'in determining the propriety of summary judgment.'" *Wells v.*

5.  The following paragraphs from Plaintiff's brief rely on Plaintiff's Exhibit 2 and should be struck or disregarded: *See* Doc. 63: Opposition to Elwood's Statement of Facts, p. 3 ¶¶ 12-16); Opposition to HMA's Statement of Facts, p. 7 (¶ 48). Plaintiff's Statement of Facts, p. 13 (¶ 33). Plaintiff additionally makes allegations based on these notes within her brief at pages 15 and 24, and these references should similarly be struck or disregarded.

## II. Hearsay Statements About Co-Workers

6.  Additionally, Plaintiff relies on hearsay statements in both her response to Defendants' statements of undisputed facts, as well as in her own statement of facts, with regard to her claims concerning Jessica [LNU]'s job duties. (*See* Doc. 63 at p. 3-4, ¶¶ 25-26, p. 13, ¶¶ 37-39.)

7.  Plaintiff testified in her deposition that she did not have first-hand knowledge regarding Jessica's job duties and processes. (Tab A 89:10-19.) For example, while Plaintiff claims "Plaintiff witnessed Jessica (Last Name Unknown) being placed on easier processes during her pregnancy," (Doc. 63 at p. 3, ¶ 25) the actual testimony cited indicates the following:

> Q. What were her lighter duties?
>
> A. Her jobs – they would give her the easier jobs of her tasks, the ones that could meet a pregnant woman's needs.

---

*Cramer*, 262 Fed. Appx. 184, 187 (11th Cir. Fla. 2008) (quoting *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam)).

> Q. What processes did she do before she was pregnant?
>
> A. I don't know the names of them, but just easy stuff like putting a little seal on, a door seal, just real simple stuff.
>
> Q. Before she was pregnant, what job processes did she work on?
>
> A. She had those and then she had some more harder ones **that they would tell me about. I never seen them.**
>
> Q. Who told you about those?
>
> A. Everyone from the zones. They discussed the task and difficulty levels of our jobs and ways to make it better. That's how changes would be made is if you discussed it with fellow workers.

(Tab A 89:7-90:2)(emphasis added).

> Q. But specifically with regard to her job duties, what changed.
>
> A. The difficulty level of her job, like her processes could become easier is that I'm trying to say.
>
> Q. And what did you observe or what do you know about her processes becoming easier specifically?
>
> . . .
>
> A. Just – I'm saying like from two hard processes, two easy processes, just sticking to two easy ones, not ever having to do the hard ones is what I'm trying to mean.
>
> Q. **And she is the one who told you this was happening?**
>
> A. **Yes.**

5

(Tab A 91:7-23) (emphasis added). Thus, the evidence supporting Plaintiff's factual assertions is based wholly on hearsay, as Plaintiff had no first-hand knowledge regarding Jessica's job duties.

8. These out-of-court statements made by coworkers and Jessica to Plaintiff about Jessica's processes are inadmissible hearsay and cannot support Plaintiff's opposition to summary judgment.

9. All the assertions regarding Jessica's job duties and any changes thereto should be stricken as they are based solely on inadmissible hearsay.

### III.  Balmer's Notes, Plaintiff's Exhibit 3 (Doc. 64-3)

10. Plaintiff's Exhibit 3 is made up of notes which Plaintiff attributes in full to Alan Balmer. Balmer made it clear in his deposition that he did not draft the portion of Plaintiff's Exhibit 3 that appears below the line on the third page, that he does not know who drafted it, and he does not know when he first saw it. (Tab B 48:3-16). Plaintiff has no evidence indicating when these notes were drafted.

11. In Plaintiff's statement of facts Plaintiff asserts that a portion of Balmer's Notes indicate that he knew Plaintiff was injured at work. (Doc. 63 ¶¶ 10, 19, 32, 36). Plaintiff's cite to inadmissible evidence provides no foundation to support her conclusion in her argument on p. 15 that Balmer had knowledge of Plaintiff suffering an on-the-job injury.

12. Also, Plaintiff cites to the notes on pp. 9 and 13, Plaintiff's purported facts numbered 12, 35, 37 – 39 and in her argument on p.15) regarding the treatment of others. The portions of Balmer's notes which he did not draft and the author of which is unknown, is hearsay.

13. The notes found in Plaintiff's Exhibit 3 that appear below the line on the third page are inadmissible and should not be considered by the Court nor should any of the argument of Plaintiff which relies on said notes.

## IV. <u>Plaintiff's "Injury Report", Plaintiff's Exhibit 1 (Doc. 64-1)</u>

14. The following paragraphs from Plaintiff's brief rely on Plaintiff's Exhibit 1 and should be struck or disregarded: *See* Doc. 63; Opposition to Elwood's Statement of Facts, p. 3 (¶¶ 12-16), p. 4 (¶¶ 41-42), p. 5 (¶ 48); Opposition to HMA's Statement of Facts, p. 7 (¶ 48); Plaintiff's Statement of Facts, p. 9 (¶ 8). Plaintiff additionally makes allegations based on the Injury Report within her brief at page 15 and this reference should similarly be struck or disregarded.

15. The Injury Report includes Plaintiff's subjective opinion as to the cause of her spotting and Plaintiff provides no foundation that would make her conclusion about causation admissible.

## V.     **Plaintiff's EEOC Charge (Doc. 64, Ex. 4)**

16.     The following paragraphs from Plaintiff's brief rely on Plaintiff's Exhibit 4 and should be struck or disregarded:  *See* Doc. 63; Opposition to Elwood's Statement of Facts, p. 3 (¶¶ 12-16), p. 5 (¶ 77), p. 6 (¶ 78); Opposition to HMA's Statement of Facts, p. 6 (¶ 36); Plaintiff's Statement of Facts, p. 10 (¶ 16). Plaintiff additionally makes allegations based on this Exhibit within her brief at page 17 and this reference should similarly be struck or disregarded.

17.     Plaintiff's Charge of Discrimination cited as Plaintiff's Exhibit 4 is a conclusionary assertion of discrimination and cannot be a basis to create a fact issue. *See Petty v. United Plating, Inc.*, 212 U.S. Dist. LEXIS 753555, 2-3 (N.D. Ala. May 31, 2012) (Conclusory allegations are not admissible.) Further, Plaintiff's Exhibit 4 has not been authenticated and the Charge is inadmissible. *See* F.R. Evid. 901.  *See Burnett v. Stagenert Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993).  *Aff'd.*, 42 F. 3d 645 (11th Cir. 1994) (Court does not consider a document offered in opposition to summary judgment which was not attached to an affidavit, certified, or otherwise authenticated.)

WHEREFORE, premises considered, Elwood requests that this Court strike Plaintiff's Exhibit 2 ("Plaintiff's Notes"), statements allegedly made by other co-workers and "Jessica [LNU]" to Plaintiff regarding Jessica's job assignments, Plaintiff's Exhibit 3 ("Balmer's Notes"); Plaintiff's "Injury Report" which is

Plaintiff's Exhibit 1 and Plaintiff's EEOC Charge (Plaintiff's Exhibit 4). Elwood additionally requests that this Court strike all paragraphs in Plaintiff's Response to Defendant's Motions for Summary Judgment which include citations to this evidence for support.

                                       Respectfully Submitted,

                                       s/David J. Middlebrooks
                                       David J. Middlebrooks ASB- 8553-D58D

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
Telephone: (205) 326-3002
Fax: (205) 326-3008

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Russell P. Parker, Esq.
>2170 Highland Avenue South, Suite 111
>Birmingham, AL 35205
>
>Kathryn M. Willis, Esq.
>Marcel L. Debruge, Esq.
>Ronald S. Williams, Esq.
>Burr & Forman, L.L.P.
>SouthTrust Tower, Suite 3400
>420 20th Street North
>Birmingham, AL 35203

>>s/David J. Middlebrooks
>>OF COUNSEL

428466