# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **RANDI A. ABBOTT,** | ) | |
| | ) | **CASE NO. 2:12-cv-2244-VEH** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ELWOOD STAFFING** | ) | |
| **SERVICES, INC. and HONDA** | ) | |
| **MANUFACTURING OF** | ) | |
| **ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE

Now comes Plaintiff and submits the following response to Defendants' objections:

"The court is capable of sifting through evidence, as required by the summary-judgment standard, without resort to an exclusionary process, and the court will not allow the summary-judgment stage to degenerate into a battle of motions to strike." *Mann v. Darden*, Civil Action No. 2:07cv751MHT (WO) (M.D. Ala, July 6, 2009). Plaintiff, therefore, is not submitting a line-by-line response to each objection raised by Defendants but merely providing the Court with the following to assist the Court in sifting through the evidence.

1

Elwood contends that Plaintiff's notes are not admissible. As review of the document demonstrates, this same document was an exhibit in Plaintiff's deposition. Plaintiff authenticated this document at her deposition. Honda contends that the notes are irrelevant to proving what caused Plaintiff's injury, asserting that Plaintiff is not a doctor. Plaintiff did not have to be a doctor to realize she began bleeding from her vagina while straining while working, as the notes describe.

Elwood contends that Plaintiff's deposition testimony about Jessica (Last Name Unknown)'s duties is hearsay. Much of the testimony Elwood identifies qualifies as nonhearsay under Fed.R.Evid. 801(d)(2)(D). Under that rule, to be admissible, a statement must concern a matter within the scope of the declarant's agency or employment. The statement itself is not required to be within the scope of the declarant's agency. Rather, it need only be shown that the statement be related to a matter within the scope of the agency. *Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir. 1982). Jessica LNU's statements to Plaintiff regarding her duties is related to a matter within the scope of Jessica LNU's employment.

Defendants contend that the part of the document containing Balmer's notes below the third line is inadmissible because the author is undetermined. Elwood does not offer authority that a portion of a document was created by an indeterminate corporate author renders a document inadmissible. Review of the document reveals


that this is a document produced by Elwood during discovery, and there is no basis for deeming it inadmissible. Honda contends that the document is hearsay but provides no basis for calling it that. In fact, when asked who composed the document, Balmer indicated that he completed most of it. (Balmer Depo., p. 48). Honda contends that the document is unauthenticated. As discussed above, Balmer made clear he authored most of the document. In part of the document he admitted to authoring, under the 8-17-11 entry, Balmer noted, "Randi is currently categorized as out on approved FMLA leave." There is no dispute this Elwood-produced document was at least largely authored by Balmer during Plaintiff's FMLA leave period.

   Elwood appears to contend that Plaintiff's Injury Report is inadmissible. This, again, is a document produced by Elwood, completed by Medical Health Services and represents not "subjective opinion" but the facts surrounding Plaintiff's injury, as taken down by Medical Health Services. Honda claims that the injury report contradicts Plaintiff's deposition testimony. Plaintiff was clear in deposition that she "was fired for asking for my medical bills to be paid." (Pl.'s Depo., pp. 108-09). Even if Plaintiff is deemed not to have filed a workers' compensation claim, the injury report is still relevant evidence that she suffered a work injury. Honda contends that the report is hearsay, irrelevant, speculative, and conclusory but does

3

above
above

not explain why it attaches those labels to the report. As noted above, the document sets out facts recorded by Medical Health Services relevant to Plaintiff's work injury.

Defendants contend that Plaintiff's EEOC charge is inadmissible because it is conclusory and not authenticated. Plaintiff's EEOC charge was produced by Elwood and, as review demonstrates, authenticated during Plaintiff's deposition. In addition, the charge is signed under penalty of perjury. The charge provides specific details about the discrimination and retaliation Plaintiff was facing. There is no basis for deeming the charge inadmissible.

Honda contends that Plaintiff's testimony does not support Plaintiff's contention that she was placed on restrictions because of the complications resulting from her pregnancy. Plaintiff in fact made clear that Plaintiff was placed on restrictions because the strain resulting from putting on doors caused her to stress her pregnancy and caused her to bleed from her vagina. (Pl.'s Depo., pp. 104-05).

Honda contends that Plaintiff's contention that she was able to perform some of the functions she performed before her injury contradicts her testimony. Plaintiff made clear that she could do some processes, including putting vehicle identification numbers on. (Pl.'s Depo., p. 107).

Respectfully Submitted,
**/s/Russell P. Parker**
Russell P. Parker
ASB-7571-S74P
2170 Highland Avenue South, Suite 111
Birmingham, AL 35205
T (205) 222-2524
F (205) 332-1988
RussParkerLaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that Defendants have been electronically served with a copy of the foregoing:

Kathryn M. Willis
kwillis@burr.com
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203

David Middlebrooks
dmiddlebrooks@lehrmiddlebrooks.com
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202

**/s/Russell P. Parker**
Russell P. Parker